■ EMILY W. HEINECKE, Respondent, v GERHARDT W. HEI-

NECKE et al., Appellants.—In an action, *inter alia,* to set aside a conveyance of real property, the defendants appeal from a judgment of the Supreme Court, Putnam County (Benson, J.), dated November 7, 1984, which, after a nonjury trial, *inter alia,* (1) declared a conveyance by the defendant Gerhardt W. Heinecke to the defendant Elsa Schwegler, by deed dated September 17, 1980, to be null and void; (2) directed the defendant Gerhardt W. Heinecke to pay all subsequent real estate taxes on his former marital residence until the date he conveys his interest to the plaintiff or jointly with the plaintiff conveys to a third party; (3) dismissed the counterclaim of the defendant Elsa Schwegler; and (4) awarded the plaintiff a judgment in the sum of $60,832.97 for alimony arrears, real estate taxes, interest and costs.

Judgment modified, on the law, by deleting the provision thereof which directed the defendant Gerhardt W. Heinecke to pay all "subsequent real estate taxes" on the former marital residence. As so modified, judgment affirmed, without costs or disbursements.

Under the terms of the divorce judgment dated June 12, 1973, the plaintiff was awarded exclusive occupancy of the marital home until the parties' child obtained her majority (on Oct. 5, 1979), when the premises were to be sold. The defendant Gerhardt Heinecke continued to pay the plaintiff $75 per week as alimony and to pay all real estate taxes. Upon the plaintiff's remarriage on September 4, 1982, the defendant Gerhardt Heinecke's obligation to provide for her support including the payment of real estate taxes ended (Domestic Relations Law § 248). Hence, it was error for the trial court to direct the defendant to pay real estate taxes becoming due after September 4, 1982, until such time as he conveyed his interest in the marital home to the plaintiff, or jointly with the plaintiff, he conveyed the property to a third party. The taxes due after the plaintiff's remarriage became the joint obligation of the plaintiff and the defendant as tenants in common of the real property. In the event either party has paid or pays more than his or her pro rata share, there should be an appropriate adjustment therefor upon distribution of the proceeds of the sale.

We have examined the remainder of the defendants' contentions and find them to be without merit. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.